IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN M. FIGUEROA ROMERO,

                Plaintiff,

  v.                                                OPINION and ORDER

FRANCESCO DE TRANA,
DANIEL LAVOIE, M.D.,                            23-cv-432-wmc
and LILY H. LIU,

                Defendants.

---

       Plaintiff Juan M. Figueroa Romero, representing himself, alleges that defendants have failed to adequately treat a knee injury and related pain since October 2020. He is proceeding on Eighth Amendment inadequate medical care and Wisconsin state law medical malpractice and negligence claims. Dkt. 12 at 5. Plaintiff alleges "tremendous physical pain and unwanted emotional distress," and seeks compensatory and punitive damages, among other relief. Dkt. 1, ¶ 32 & p. 6. This order addresses defendant Lily H. Liu's motion to compel plaintiff to sign a full medical authorization form releasing all of his Department of Corrections medical and psychological services records, or to waive his claim to mental health damages. Dkts. 53 & 61 at 2.

       For the following reasons, I will deny the motion without prejudice.

ANALYSIS

       Generally speaking, the scope of discovery is broad, but discovery must also be proportional to the needs of the case. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

## A. Plaintiff's medical authorization form

Plaintiff objects to the scope of a full medical authorization form as a "fishing expedition." Dkt. 64 at 1. This case concerns defendants' treatment of plaintiff's knee problems since 2020, but the full authorization form would give Liu permission to access all of plaintiff's medical records going back to 2010, including alcohol and drug treatment records. *See* Dkt. 54-1 at 1. Liu does not explain why such records are relevant, and has now proposed a limited medical release excluding those records as well as mental health records. *See* Dkt. 62-2 at 3.

A party has an interest in protecting the confidentiality of his or her medical records, but that interest is waived, at least in part, by filing a lawsuit seeking damages arising out of medical care. Because plaintiff has filed such a lawsuit, defendant Liu is entitled to review the relevant medical records in preparation of a defense. So, in keeping with this court's longstanding position on the matter, I will not order plaintiff to disclose medical information that he wishes to keep confidential, but he must understand that if he wishes to pursue his inadequate medical care, malpractice and negligence claims, he must waive his interest in confidentiality over the medical information that is relevant. *See, e.g.*, *Banks v. Fendt*, No. 12-cv-1063, 2013 WL 2475860, at *1 (E.D. Wis. June 7, 2013) (plaintiff's medical records are

relevant to his medical-care claim so defendants are entitled to conduct discovery related to those records).

Relevant medical information is not limited to only those records directly concerning plaintiff's knee because it is possible that plaintiff's overall physical health and any medications he was taking could have influenced treatment decisions. Liu will not be able to respond to plaintiff's interrogatories about her decisions concerning plaintiff's medical care without broader access to his medical records. *See, e.g.*, Dkt. 54-3 at ¶¶ 4, 5, & 8. Moreover, parsing the medical records to those only directly concerning plaintiff's knee would require the medical provider to review each record individually and make a judgment call regarding whether the record related to this lawsuit, which is not practical.

In sum, because plaintiff put his health at-issue in this case, defendants are entitled to relevant medical records. If plaintiff refuses to release this information, defendants are then entitled to have the court dismiss the implicated claims.

## B. Plaintiff's mental health damages

Plaintiff recognizes the general rules summarized above and has agreed to sign an authorization form limited "to physical health matters directly or indirectly related to his left and right knee ACL associated injuries." Dkt. 67. Liu's proposed limited medical release form excludes mental health and alcohol and drug treatment records. Dkt. 62-2 at 3. Plaintiff would also exclude records related to his optical and dental health, and immunizations, and says the other defendants have accepted a limited release, although he did not attach a copy of the release. Dkt. 64 at 2. Regardless Liu will not accept a limited release unless plaintiff expressly waves his claim to mental health damages, suggesting that plaintiff has placed his mental health records at issue by seeking such damages. Dkt. 53 at 1.

3

Federal law recognizes a limited privilege in a patient's mental health treatment. *See Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). That privilege can be waived when a plaintiff seeking damages for emotional distress places his psychological state at issue; in that instance, defendants would be entitled to psychological records of that mental state. *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). But this court, among others, has recognized that a party does not waive his mental health privilege if the evidence he presents on emotional harm is limited to "garden variety emotional distress." *See, e.g., Estate of DiPiazza v. City of Madison*, No. 16-cv-60-wmc, 2017 WL 1828920, at *2–3 (W.D. Wis. Sept. 5, 2017); *Johnston v. Jess*, No. 18-cv-882-bbc, 2020 WL 3605629, at *4 (W.D. Wis. July 2, 2020). Invoking this exception has potential benefits for both sides: the plaintiff preserves the privacy of his mental health records, the defendant avoids liability for more extreme claims of emotional distress, and both sides save the time and expense of more extensive discovery.

I will deny Liu's request to compel plaintiff to expressly waive his claim to mental health damages as a condition of a limited medical release. I understand plaintiff to be claiming nothing more than "garden variety emotional distress" as opposed to a separate tort for distress, any specific psychiatric injury or disorder, or unusually severe distress that would require him to waive the psychotherapist-patent privilege. *See Awalt v. Marketti*, 287 F.R.D. 409, 417-18 (N.D. Ill. 2012) (privilege is waived where the plaintiff seeks to put into evidence psychological treatment in support of his claim for damages). If plaintiff is claiming something more than garden variety emotional distress, then he must promptly notify the court within two weeks of the date of this order because this would make his psychological records relevant and therefore discoverable.

The court will order the parties to continue to meet and confer on the scope of plaintiff's medical authorization form using the court's guidance in this order. The parties must notify the court in writing of any outstanding issues within three weeks of the date of this order.

## ORDER

IT IS ORDERED:

1. Defendant Lily H. Liu's motion to compel, Dkt. 53, is DENIED without prejudice to allow the parties to continue to meet and confer regarding the scope of plaintiff's medical authorization form using the court's guidance in this order.

2. If plaintiff is claiming more than garden variety emotional distress, he must notify the court in writing by August 8, 2025.

3. The parties must continue to meet and confer on the scope of plaintiff's medical authorization and notify the court in writing of any outstanding issues by August 15, 2025.

Entered July 25, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge