IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUAN M. FIGUEROA ROMERO,

                Plaintiff,                OPINION AND ORDER

v.

                                                  23-cv-432-wmc

FRANCESCA DE TRANA, DANIEL LAVOIE,
and LILY H. LIU

                Defendants.

---

Plaintiff Juan Figueroa Romero, an inmate at Jackson Correctional Institution representing himself, alleges that medical staff did not provide him with appropriate treatment for a knee injury. The court granted Figueroa Romero leave to proceed on claims against several defendants, including an Eighth Amendment medical care claim against Dr. Lily Liu on the grounds that "she was his treating physician yet allegedly failed to ensure appropriate treatment for his knee injury." (Dkt. #12, at 3.) Dr. Liu now moves for summary judgment, arguing that Figueroa Romero did not exhaust his administrative remedies before filing suit. (Dkt. #36.) For the reasons explained below, the court must deny defendant Dr. Liu's motion.[1]

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, a

---

[1] The court will also deny Figueroa Romero's unnecessary motion to deny summary judgment (dkt. #42) as moot.

prisoner must follow all of the prison's rules for completing its grievance process, including its rules for pursuing appeals. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The purpose of the exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). An inmate's complaint "will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quotation marks omitted). A prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). Thus, a defendant must specifically show at summary judgment that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) as a result, she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Wisconsin prisoners must start the administrative process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). The institution complaint examiner then reviews the complaint and makes a recommendation to the reviewing authority, who makes a final decision. *Id.* § 310.10. A prisoner then has 14 days to appeal the reviewing authority decision to the corrections complaint examiner. *Id.* § 310.09(1).

Here, Dr. Liu has failed to prove that plaintiff did not exhaust his administrative remedies. In particular, his inmate complaints gave prison administrators notice of the alleged deficient treatment of his knee injury. Starting with his February 2021 complaint,

2

plaintiff asserted that he was "[b]eing denied medical treatment," and he wanted "to see the provider, so she can possibl[y] give me something or see someone, for pain relief." (Compl. 2963 (dkt. #39-2) 12.)  Plaintiff further explained in his February complaint that he had been having shoulder, knee, and ankle pain for about one year, and physical therapy had not provided adequate pain relief.  (*Id.*)  In his April 2021 complaint, plaintiff reasserted that he had been suffering knee and shoulder pain since late 2020 and was being "denied access to the care provider," adding that he wanted "to see the provider, to be evaluated for [his] pain." (Compl. 5999 (dkt. #39-3) 11.)  Finally, in his June 2022 inmate complaint, plaintiff complained about the denial of his requested knee surgery and asked for "the surgery that the outside Dr. recommended." (Compl. 10208 (dkt. #39-4) 10.) Crucially, he also appealed the denials of each of these 2021 complaints to the proper reviewing authorities.  (Compl. 2963 (dkt. #39-2) 7; Compl. 5999 (dkt. #39-3) 7; Compl. 10208 (dkt. #39-4) 6.)

In fairness plaintiff's inmate complaints focused on delays in seeing a provider and the denial of his request for knee surgery, but all also mention his unresolved knee pain, which was enough to put prison administrators on notice.  In short, his grievance identified the alleged wrong -- the ongoing failure to provide treatment for his knee -- and the redress sought, including seeing a doctor, getting meaningful pain relief, and requesting knee surgery.  While Dr. Liu asserts that plaintiff's inmate complaints failed to allege that *she* provided him with inadequate treatment for pain or that she was involved in failing to schedule plaintiff's appointments with her, plaintiff's grievances did not need to "put individual defendants on notice of a lawsuit." *Glick v. Walker*, 385 F. App'x 579, 582 (7th

3

Cir. 2010). Moreover, prison staffers' responses to plaintiff's inmate complaints mentioned that Dr. Liu had treated him (*e.g.*, Compl. 2693 (dkt. #39-2) 9), indicating that prison administrators were aware of her involvement in the treatment of plaintiff's ongoing knee issues. *Cf. Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (unreasonable to suggest that a grievance left a named defendant "unaware of who was responsible" when that prison official was directly involved in the grievance investigation).

Accordingly, the court will deny Dr. Liu's motion for summary judgment on exhaustion grounds and deny plaintiff's unnecessary motion to deny summary judgment as moot.

## ORDER

IT IS ORDERED that:

1) Defendant Dr. Lily Liu's motion for summary judgment (dkt. #36) is DENIED.

2) Plaintiff Juan Figueroa Romero's motion to deny Dr. Liu's motion for summary judgment (dkt. #42) is DENIED AS MOOT.

Entered this 18th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge